IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JEREMY D. JACKSON**                                                               **PLAINTIFF**

v.                                             CIVIL ACTION NO. 2:19-CV-130-KS-MTP

**LOW CONSTRUCTION GROUP, LLC,** *et al.*                  **DEFENDANTS**

### ORDER

For the reasons below, the Court **grants in part and denies in part** Defendants' Motion in Limine [65] and **grants in part and denies in part** Plaintiff's Motion in Limine [69].

### A. *Defendants' Motion in Limine [65]*

#### 1. *Liability Insurance*

First, Defendants argue that the Court should exclude any evidence of or references to their liability insurance. In response, Plaintiff argues that he does not intend to refer to the liability policies or raise the issue at trial, but that Defendants' liability policies should still be admitted into evidence but not provided to the jury. Plaintiff contends that he needs to make a record of the policies' existence.

"Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." FED. R. EVID. 411.

Defendants stipulated to liability, and the only issue for trial is Plaintiff's damages. Plaintiff has not articulated any disputed issue of fact to which Defendants' liability insurance would be relevant. Therefore, the Court grants this aspect of Defendants' motion in limine. Plaintiff may not admit evidence of Defendants' liability insurance or refer to it in the presence of the jury.

*2.  Settlement*

Next, Defendants argue that the Court should exclude any evidence of or reference to settlement offers and discussions. Plaintiff agrees. Therefore, the Court grants this aspect of Defendants' motion in limine as unopposed.

*3.  "Golden Rule" Arguments*

Defendants argue that the Court should exclude all "Golden Rule" arguments. In response, Plaintiff argues that Mississippi's state courts have approved the use of "Golden Rule" arguments in certain circumstances, and that he should be able to make such arguments within boundaries.

In diversity cases, the Court applies federal rules of evidence. *See, e.g. Chevron Oronite Co., LLC v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 227 (5th Cir. 2020). "A Golden Rule argument suggests that the jury place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011). "Such arguments encourage the jury to decide the case on the basis of personal interest and bias rather than on the evidence." *Whitehead v. Food Max of Miss., Inc.*, 163 F.3d 265, 278 (5th Cir. 1998).

2

Therefore, the Fifth Circuit has forbidden them. *Id.*; *Learmonth*, 631 F.3d at 732. Accordingly, the Court grants this aspect of Defendants' motion in limine.

4.   *Undisclosed Evidence*

Defendants argue that the Court should exclude any evidence not previously disclosed in discovery. To determine whether to exclude evidence for a party's failure to disclose it, the Court considers the following factors:

(1)   the importance of the witnesses' testimony;

(2)   the prejudice to the opposing party of allowing the witnesses to testify;

(3)   the possibility of curing such prejudice by a continuance; and

(4)   the explanation, if any, for the party's failure to comply with the discovery order.

*Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 572 (5th Cir. 1996). These factors cannot be applied in the abstract. The Court must consider the specific evidence in dispute. Therefore, the Court denies this aspect of Defendants' motion without prejudice to Defendants' right to raise it again at trial with more specificity.

5.   *"Reptile Theory"*

Defendants argue that the Court should exclude a number of topics related to a trial tactic called "Reptile Theory,"[1] including references to "personal safety," "community safety," "conscience of the community," "danger to the community," and

---

[1] The term "reptile theory" refers to a book advancing a trial tactic in which attorneys appeal to jurors' "reptile brain," by appealing to their fear, anger, and desire for personal safety.

3

other arguments whose goal is to provoke the jury to render a decision based on their emotions and sense of self-preservation, rather than the evidence admitted at trial. In response, Plaintiff argues that Mississippi's state courts have rejected such attempts to hamper litigants' trial strategies, and that it would be improper for this Court to restrain Plaintiff's counsel in this manner.

As noted above, federal rules of evidence apply in this diversity case. *Chevron Oronite Co.*, 951 F.3d at 227. At least two federal judges in this state have excluded such "reptile theory" arguments. *Woulard v. Greenwood Motor Lines, Inc.*, 2019 WL 3318467, at *2-*3 (S.D. Miss. Feb. 4, 2019); *Grisham v. Longo*, 2018 WL 4404069, at *1 (N.D. Miss. Sept. 14, 2018). Likewise, the Fifth Circuit has condemned "conscience of the community" arguments, and "all impassioned and prejudicial pleas intended to evoke a sense of community loyalty, duty, and expectation. Such appeals serve no proper purpose and carry the potential of substantial injustice when invoked against outsiders." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238-39 (5th Cir. 1985); *see also Whitehead*, 163 F.3d at 278. Accordingly, the Court grants this aspect of Defendants' motion in limine.

    6.    *Mississippi Uniform Crash Report*

Defendants argue that the Court should exclude the Mississippi Uniform Crash Report from the subject accident because it is irrelevant to Plaintiff's damages, contains inadmissible information regarding liability insurance, and is more prejudicial than probative.

4

Defendant did not attach a copy of the report or otherwise direct the Court to a copy in the record. Therefore, the Court cannot assess the document's relevance or allegedly prejudicial nature. The Court denies this aspect of Defendants' motion in limine without prejudice to their right to raise the issue again at trial.

### 7. *Airhart's Employment & Driving Records*

Defendants argue that the Court should exclude Defendant Airhart's employment and driving records because they are irrelevant to Plaintiff's damages. In response, Plaintiff represents that he does not intend to offer such records at trial. The Court grants this aspect of Defendants' motion. Airhart's employment and driving records are irrelevant to Plaintiff's damages.

### 8. *Low's Policies & Procedures, Motor Carrier Safety Documents*

Defendants argue that the Court should exclude Defendant Low Construction's policies, procedures, and documents required to be kept by Federal Motor Carrier Safety Regulations because they are irrelevant to Plaintiff's damages. In response, Plaintiff represents that he does not intend to offer such documents at trial. The Court grants this aspect of Defendants' motion. These documents are irrelevant to Plaintiff's damages.

## B. *Plaintiff's Motion in Limine*

### 1. *Previously Undisclosed Evidence*

First, Plaintiff argues that the Court should exclude any evidence not previously disclosed in discovery. The Court denies this aspect of Plaintiff's motion

5

for the same reason provided above, without prejudice to Plaintiff's right to raise the issue at trial with more specificity.

   2.   *Contingency Fees*

Plaintiff argues that the Court should exclude any evidence or argument of his counsel's contingency fee arrangement. Defendants do not oppose this aspect of Plaintiff's motion. Therefore, the Court grants it as unopposed.

   3.   *Attorneys*

Plaintiff argues that the Court should exclude any evidence or argument as to when, how, or why he retained counsel to represent him in this matter, including any reference to his counsel's licensure in Louisiana. Defendants do not oppose this aspect of Plaintiff's motion. Therefore, the Court grants it as unopposed.

   4.   *Collateral Sources*

Plaintiff argues that the Court should exclude any evidence or argument related to collateral sources used to pay for his medical treatment. Defendants do not oppose this aspect of Plaintiff's motion. Therefore, the Court grants it as unopposed.

   5.   *"Plaintiff's Doctors"*

Plaintiff argues that the Court should exclude any evidence or argument intended to imply that his treating physicians are "plaintiffs' doctors" who regularly treat patients who are plaintiffs in personal injury suits, or that Plaintiff's counsel recommended the doctors. Defendants do not oppose this aspect of Plaintiff's motion. Therefore, the Court grants it as unopposed.

6. *Equally Available Witnesses*

Plaintiff argues that the Court should exclude any argument related to his failure to call a witness who is equally available to all parties, such as his medical providers. Defendants do not oppose this aspect of Plaintiff's motion. Therefore, the Court grants it as unopposed.

7. *"Medical Testimony" from Counsel*

Plaintiff argues that the Court should exclude any "medical testimony" from Defendants' counsel, including "medical opinions." Neither Defendants' nor Plaintiff's counsel are permitted to provide testimony of any sort, medical or otherwise. To that extent, the Court grants this aspect of Plaintiff's motion. However, counsel is permitted to cross-examine witnesses, and to present arguments to the jury suggesting reasonable inferences and conclusions to be drawn from the evidence.

SO ORDERED AND ADJUDGED this 17th day of March, 2021.

/s/ Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE