IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JEREMY D. JACKSON**                                                      **PLAINTIFF**

v.                                         **CIVIL ACTION NO. 2:19-CV-130-KS-MTP**

**LOW CONSTRUCTION GROUP, LLC,** *et al.*            **DEFENDANTS**

## ORDER

On May 29, 2020, the Court entered an Amended Case Management Order [34] which scheduled a pretrial conference in this matter for March 18, 2021. On January 7, 2021, the Court entered a Notice of Pretrial Conference [56] which set the pretrial conference for 11:00 a.m. on March 18, 2021. The Notice also provided that a representative with full settlement authority must be present unless specifically excused by the Court.

This Court's requirement that the individuals with final settlement authority physically attend a pretrial conference is based on years of experience. Settlement negotiations are rarely as fruitful when one party declines to attend in person. In the Court's experience, those who attend remotely – whether by telephone or video-conferencing – rarely devote their full attention to the settlement talks. Moreover, it poisons the well, so to speak, when one party attends in person in accordance with the Court's order, frequently having to travel or otherwise be inconvenienced, and the other does not do so. Therefore, this Court has only allowed exceptions to its requirement of in-person attendance in the most extraordinary circumstances.

To mitigate the concerns and protect the safety of persons attending in-person hearings and conferences, the Court has implemented a number of COVID-19 safety protocols and measures, which are outlined in the Court's Special Order #13,[1] and orders entered by this Court in United States v. Walters,[2] and United States v. Auzenne.[3]

On March 17, 2021, counsel for Defendants contacted the undersigned judge's chambers to ask whether Defendants' liability insurance adjuster could be excused from attending the pretrial conference in person, representing to the Court that her employer – Defendants' liability insurer – had forbidden its employees from traveling, and that the adjuster lives in Baton Rouge, Louisiana. The Court denied the request, advising that the adjuster must be present if she had final settlement authority for the Defendants, her employer's insureds.

On March 18, 2021, the Court held a brief pretrial conference with the parties and their counsel, but Defendants' liability insurance adjuster did not appear, apparently refusing to follow the Court's order. Neither Plaintiff nor Defendants objected to the undersigned judge mediating settlement negotiations in this matter.

It appears to be undisputed that Defendants' liability insurer, Berkley National Insurance Company, has Defendants' final settlement authority in this

---

[1] Special Order #13, *In re: Administrative Orders of the U.S. District Court*, No. 3:40-MC-11 (S.D. Miss. Mar. 16, 2021), ECF No. 85.
[2] Memorandum Opinion and Order, *United States v. Walters*, No. 2:19-CR-51-KS-MTP (S.D. Miss. June 22, 2020), ECF No. 213.
[3] Memorandum Opinion and Order, *United States v. Auzenne*, No. 2:19-CR-53-KS-MTP (S.D. Miss. Oct. 14, 2020), ECF No. 87.

To mitigate the concerns and protect the safety of persons attending in-person hearings and conferences, the Court has implemented a number of COVID-19 safety protocols and measures, which are outlined in the Court's Special Order #13,[1] and orders entered by this Court in United States v. Walters,[2] and United States v. Auzenne.[3]

On March 17, 2021, counsel for Defendants contacted the undersigned judge's chambers to ask whether Defendants' liability insurance adjuster could be excused from attending the pretrial conference in person, representing to the Court that her employer – Defendants' liability insurer – had forbidden its employees from traveling, and that the adjuster lives in Baton Rouge, Louisiana. The Court denied the request, advising that the adjuster must be present if she had final settlement authority for the Defendants, her employer's insureds.

On March 18, 2021, the Court held a brief pretrial conference with the parties and their counsel, but Defendants' liability insurance adjuster did not appear, apparently refusing to follow the Court's order. Neither Plaintiff nor Defendants objected to the undersigned judge mediating settlement negotiations in this matter.

It appears to be undisputed that Defendants' liability insurer, Berkley National Insurance Company, has Defendants' final settlement authority in this

---

[1] Special Order #13, *In re: Administrative Orders of the U.S. District Court*, No. 3:40-MC-11 (S.D. Miss. Mar. 16, 2021), ECF No. 85.
[2] Memorandum Opinion and Order, *United States v. Walters*, No. 2:19-CR-51-KS-MTP (S.D. Miss. June 22, 2020), ECF No. 213.
[3] Memorandum Opinion and Order, *United States v. Auzenne*, No. 2:19-CR-53-KS-MTP (S.D. Miss. Oct. 14, 2020), ECF No. 87.

matter, and that it will be responsible for any judgment entered against Defendants, up to the limits of its liability under the applicable policy(ies) of insurance.

It is likewise undisputed that Berkley's adjuster, Ms. Lori St. Germain, lives in Baton Rouge, Louisiana. The Court takes judicial notice that Baton Rouge is approximately 169 miles from the William H. Colmer Federal Building in Hattiesburg, Mississippi, where the pretrial conference was held – or just over a two-and-a-half-hour drive, depending on traffic.

The representative of Low Construction advised the Court that he had driven from Lafayette, Louisiana. The Court takes judicial notice that Lafayette is approximately 223 miles from this Court – or just under a three-and-a-half-hour drive, depending on traffic. The Court also notes that one of Plaintiff's attorneys came from New Orleans, Louisiana – approximately 113 miles away. Plaintiff's other attorney came from Brandon, Mississippi – approximately 86 miles away.

The Court was unable to conduct a settlement conference with the parties because Ms. Germain, Berkley's representative and the person with Defendants' final settlement authority in this case, defied the Court's order and refused to attend the pretrial conference in person.

Therefore, the Court hereby orders that Defendants and their liability insurer, Berkley National Insurance Company, shall be jointly and severally liable for Plaintiffs' fees and costs for attending the pretrial conference of March 18, 2021.[4] The

---

[4] The Court understands that neither Defendants nor their counsel can control the actions of Berkley or its adjuster. However, when an insured relies on their liability insurer to provide a

Court orders Plaintiffs to file a detailed accounting of the fees and costs incurred in attending the pretrial conference of March 18, 2021, on or before **March 25, 2021**. Defendants may then respond to the fee request **within one week** of its filing.

The Court rescheduled the settlement conference portion of the pretrial conference for **March 30, 2021, at 11:00 a.m.** If Ms. St. Germain, does not appear at the settlement conference as ordered, the Court will be forced to consider more severe sanctions in addition to shifting fees.

SO ORDERED AND ADJUDGED this __19th__ day of March, 2021.

                                                /s/ Keith Starrett
                                                KEITH STARRETT
                                                UNITED STATES DISTRICT JUDGE

---

defense and indemnify it against loss – as Defendants have done here – the insured's fate rests, at least in part, on the good faith of its insurer.